UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Harvey Pratt

   v.                                        Civil No. 06-cv-291-PB

State of New Hampshire, et al.

**REPORT AND RECOMMENDATION**

Harvey Pratt is an inmate in the custody of the New Hampshire Department of Corrections pursuant to his 2001 New Hampshire conviction for interference with custody. Pratt has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is before me for preliminary review. See Rule 4 of the Rules Governing § 2254 Proceedings and Local Rule ("LR") 4.3(d). As discussed below, I find that this court lacks subject matter jurisdiction and I recommend that the matter be dismissed.

*Standard of Review*

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court

construes pro se pleadings liberally.  See <u>Ayala Serrano v. Lebron Gonzales</u>, 909 F.2d 8, 15 (1st Cir. 1990) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997), <u>cert. denied</u>, <u>Ahmed v. Greenwood</u>, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See <u>Eveland v. Dir. of C.I.A.</u>, 843 F.2d 46, 49 (1st Cir. 1988).

<u>Background</u>

Pratt is serving a two to six year sentence at the New Hampshire State Prison.  He has filed this petition for a writ of

habeas corpus seeking declaratory and injunctive relief for an alleged miscalculation of his maximum release date.

Pratt has previously filed a petition for a writ of habeas corpus in this Court.  See Pratt v. Warden, N. N.H. Corr. Facility, Civ. No. 05-291-JD.  That petition was resolved against him by Order of the Court (DiClerico, J.) on May 23, 2006.  An appeal was taken to the First Circuit Court of Appeals where it is still pending.  The petition before me, pertaining to the same incarceration, raises new grounds for relief based on the alleged unconstitutionality of New Hampshire's sentencing statute and the allegedly unconstitutional execution of Pratt's sentence by the New Hampshire Department of Corrections.

### Discussion

The instant petition was filed on August 4, 2006, which makes it subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244.  See Pratt v. United States, 129 F.3d 54, 56, 58 (1st Cir. 1997).  AEDPA requires approval of the Circuit Court of Appeals before a second or successive habeas corpus petition made pursuant to 28 U.S.C. § 2254 may be filed in a federal district court, even if the petition raises new factual grounds for relief.  See 28

U.S.C. § 2244(b)(3); Rodriguez v. Superintendent, Bay State Corr. Ctr., 139 F.3d 270, 272 (1st Cir. 1998).  AEDPA's prior approval provision allocates subject matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.  See Pratt, 129 F.3d at 57 (citing Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996)).  A district court must, therefore, either dismiss without prejudice or transfer to the court of appeals an unapproved second or successive habeas petition.  See id.

I find that the instant petition for habeas corpus is Pratt's second habeas petition arising from his present incarceration for the same underlying criminal matter.  Petitioner has not sought or obtained clearance from the First Circuit Court of Appeals in advance of filing the instant petition, as required by 28 U.S.C. § 2244(b)(3).  Consequently, this Court has no jurisdiction to consider this petition.  See Pratt, 129 F.3d at 57.  I therefore recommend that the petition be dismissed without prejudice so that Pratt may seek clearance from the First Circuit Court of Appeals to pursue another habeas petition in this Court.

Any objection to this report and recommendation must be filed within ten days of receipt of this notice.  Failure to file an objection within the specified time waives the right to appeal the district court's order.  See <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:  September 18, 2006

cc:    Harvey Pratt, *pro se*